```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
ISAAC FROST,                        :

                 Plaintiff,         :   09 Civ. 5286 (RJS)(HBP)

     -against-                      :   OPINION
                                        AND ORDER
WARDEN ROBERT HOURIHORNE, et al.,   :

                 Defendants.        :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

By notices of motion dated July 23, 2009 and December 28, 2009 (Docket Items 5 and 26) plaintiff, who is incarcerated, moves for pro bono counsel.[1] For the reasons set forth below, the motions are granted.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts

---

[1] In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant. Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys. The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff. If no panel member agrees to represent the plaintiff, there is nothing more the Court can do. See generally Mallard v. United States District Court, 490 U.S. 296 (1989). Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id.; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. Apr. 26, 1996) (Batts, J.); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003). As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

> The Court of Appeals for the Second Circuit has
>
> stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim. In Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)], [the court] noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and advised that a district judge should determine whether the pro se litigant's "position seems likely to be of substance," or showed "some chance of success." Hodge, 802 F.2d at 60-61 (internal quotation marks and citation omitted). In Cooper v. A. Sargenti Co., [the court] reiterated the importance of requiring indigent litigants seeking appointed counsel "to first pass the
2

      test of likely merit."  877 F.2d 170, 173 (2d Cir.
      1989) (per curiam).

<u>Ferrelli v. River Manor Health Care Ctr.</u>, 323 F.3d 196, 204 (2d Cir. 2003).

      Plaintiff's claims arise out of an assault he allegedly suffered while he was in the custody of the New York City Department of Correction and incarcerated on Rikers Island.  In principal part, plaintiff alleges that on May 30, 2008 he was assaulted by other inmates without cause and without prior notice and that one of the defendants, Correction Officer Smith, allegedly witnessed the assault and did nothing to stop it.  Plaintiff further alleges that the assault continued until his attackers became exhausted and that the attack was so violent that he lost several teeth.  Plaintiff also alleges that he was denied prompt medical care for the injuries sustained in the attack, that he was improperly found guilty of disciplinary infractions, that supervisors denied his requests for an investigation of the May 30 assault, that various corrections officers at Rikers Island filed false misbehavior reports against him, threatened plaintiff with additional beatings, failed to send out his mail and put his life in danger by calling him a "rat," or informant, in front of other inmates.

      Given the nature of plaintiff's submissions and the fact that plaintiff is an incarcerated inmate, I am willing to assume that plaintiff lacks both the ability to retain an attor-

3

ney and the ability to litigate this case on his own.  A supplemental letter to the Court in December 2009 also demonstrates that plaintiff had made some effort to obtain volunteer counsel on his own.  Thus, the principal issue here is whether plaintiff's claims are sufficiently meritorious to justify adding his case to the list of cases considered by the Pro Bono Panel.

As is frequently the case, some of plaintiff's claims are stronger than others.  For example, his claims alleging that false misbehavior reports were filed against him appear to be defective as a matter of law.  Boddie v. Schneider, 105 F.3d 857, 862 (2d Cir. 1997) ("[A] a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report.").  However, plaintiff's allegation that a guard actually witnessed another inmate attack him and permitted the attack to continue until the attacker was exhausted is at least legally viable.  Farmer v. Brennan, 511 U.S. 825, 833-34 (1994) (Prison officials have a duty "to protect prisoners from violence at the hands of other prisoners" insofar as the conditions of confinement presented a substantial risk of serious harm, and the prison official was deliberately indifferent to the inmate's safety.); see also Cuoco v. Moritsugu, 222 F.3d 99, 106 (2d Cir.2000) ("We have often applied the Eighth Amendment deliberate indifference test to pre-trial detainees bringing actions under the Due Process Clause of the Fourteenth Amendment.").  Plain-

4

tiff's claim of due process violations in connection with disciplinary proceedings may also be viable.  A pretrial detainee alleging due process violations in connection with institutional disciplinary proceedings need not show that the punishment imposed an atypical and significant hardship in relationship to the ordinary incidents of prison life.  Benjamin v. Fraser, 264 F.3d 175, 188-89 (2d Cir. 2001); see also Adams v. Galletta, 96 Civ. 3750 (JGK), 1999 WL 959368 at *5 (S.D.N.Y. Oct. 19, 1999).

Because the merits of plaintiff's viable claims are so dependent on the facts and the facts are unknowable at this time, it is impossible to opine with confidence on the merits of plaintiff's claims.  Nevertheless, because plaintiff appears to have alleged at least two claims that are likely to survive a dismissal motion, I conclude that the complaint has enough merit for the case to be added to the list of cases considered by the Court's Pro Bono Panel.  I emphasize that I am not expressing any opinion as to the ultimate outcome of the case.  I am concluding only that plaintiff has met the low threshold required to justify adding his cases to list of cases considered by the Pro Bono Panel.

Accordingly, plaintiff's motions (Docket Items 5 and 25) to have his case added to the list of cases considered by the Court's Pro Bono Panel is granted.  A copy of this decision and the Amended Complaint and Answer will be forwarded to the Court's

5

Pro Se Office with a direction that the matter be added to the list of cases considered by the Court's Pro Bono Panel.

Dated:  New York, New York
        March 5, 2010

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies mailed to:

Mr. Isaac Frost
DIN 09-A-2680
Coxsackie Correctional Facility
11260 Route 9W
P.O. Box 999
Coxsackie, New York 12051-0999

Max O. McCann, Esq.
Assistant Corporation Counsel
City of New York
100 Church Street
New York, New York  10007