UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-28-11
```

ISAAC FROST,

                Plaintiff,

-v-

WARDEN ROBERT HOURIHORNE, *et al.*,

                Defendants.

No. 09 Civ. 5286 (RJS) (HBP)

ORDER ADOPTING REPORT AND
RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

    *Pro se* Plaintiff Isaac Frost filed his Complaint on June 8, 2009, bringing claims pursuant to 42 U.S.C. § 1983 against Defendants Warden Robert Hourihorne, "Captain Tinsley," "Captain Cruz," "Officer Bailey," "Officer Smith," "Officer Abraham," "SRG Officer Salazar," and "Officer Burke." By Order dated June 6, 2009, this matter was referred to the Honorable Henry B. Pitman, Magistrate Judge, for general pre-trial purposes and dispositive motions requiring a report and recommendation.

    On March 10, 2011, Judge Pitman issued the attached Report and Recommendation recommending dismissal of this action with prejudice on the grounds that Plaintiff failed to comply with discovery orders, failed to provide the Magistrate Court with a current address, and has failed to take any steps to prosecute this action for more than six months. Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed.R.Civ.P. 72(b), the parties had fourteen (14) days, plus an additional three (3) days, pursuant to Fed.R.Civ.P. 6(d), or a total of seventeen (17) days, *see* Fed.R.Civ.P. 6(a), from the date of Judge Pitman's Report and Recommendation to file written

objections. No party has filed objections to the Report, and the time to do so has expired. *Cf. Frank v. Johnson*, 968 F.2d 298 (2d Cir. 1993).

When no objections to a report and recommendation are made, the Court may adopt the report if there is no clear error on the face of the record. *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005); *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). After reviewing the record, the Court finds that Judge Pitman's Report and Recommendation is not facially erroneous. Accordingly, the Court adopts the Report in its entirety, and for the reasons set forth therein, dismisses the Complaint as to all Defendants with prejudice. The Clerk of the Court is respectfully directed to mark this case closed.

SO ORDERED.

Dated:       April 28, 2011
             New York, New York

                                                  RICHARD J. SULLIVAN
                                                  UNITED STATES DISTRICT JUDGE

<u>A copy of this Order has been mailed to:</u>

Mr. Isaac Frost
Faith Mission Crisis Center
114-40 Van Wyck Expressway
South Ozone Park, New York 11420

Mr. Isaac Frost
DIN 09-A-2680
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
ISAAC FROST,                        :
                 Plaintiff,         :   09 Civ. 5286 (RJS)(HBP)
     -against-                      :   REPORT AND
                                        RECOMMENDATION
WARDEN ROBERT HOURIHORNE, et al.,   :
                 Defendants.        :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE RICHARD J. SULLIVAN, United States District Judge:

I. Introduction

By notice of motion dated January 21, 2011 (Docket Item 46), defendants move to dismiss this action pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure on the ground that plaintiff has failed to comply with discovery Orders, failed to provide the Court with a current address and has failed to take any steps to prosecute this action for more than six months. Plaintiff has not responded to the motion. For the reasons set forth below, I respectfully recommend that defendants' motion be granted and that the action be dismissed.

II.  <u>Facts</u>

Plaintiff commenced this Section 1983 action while he was an inmate in the custody of the New York State Department of Correctional Services ("DOCS") alleging that defendants failed to protect him from an assault by a fellow inmate.  The original complaint was docketed by the Clerk of the Court on June 8, 2009.  According to the DOCS web site, plaintiff was released to parole on or about July 10, 2010.

Although plaintiff sent numerous letters and applications to me while he was in custody, his correspondence came to an abrupt end once he was released.  In fact, he never even bothered to provide me with a forwarding address despite the fact that I had issued an Order in April 2010 warning plaintiff that if he failed to provide the Court with a forwarding address after his release, his action would be dismissed.[1]

---

[1] My April 22, 2010 Order (Docket 31) discussed several discovery issues and contained the following warning to plaintiff:

> I also note that the New York Department of Correctional Services web site indicates that plaintiff's earliest release date is August 1, 2010.  If plaintiff is released while this action is pending, it is essential that he provide the Court with a forwarding address.  It has been my experience that the New York Department of Correctional Services does not forward mail to released inmates.  Unless plaintiff provides the Court with a forwarding address, we
> (continued...)

In August 2010, my staff was able to locate plaintiff at a halfway house in Queens, New York, spoke to him by telephone and obtained his new address. I subsequently issued an Order to plaintiff on August 20, 2010 at his new address directing him to appear for a discovery/status conference on September 23, 2010 (Docket Item 43). This Order was not returned as undeliverable.

Although defendants' counsel appeared for the September 23, 2010 conference, plaintiff did not. Defendants' counsel advised me at the conference that plaintiff no longer resided in the Queens halfway house and that defendants' counsel did not know where plaintiff could be found. Because plaintiff had notice of the September 23 conference and failed to appear, I issued an Order on September 24, 2010 directing plaintiff to either produce certain documents sought by defendants by October 15, 2010 or show cause in writing why they should not be produced (Docket Item 44). This Order further provided: "Plaintiff is warned that an unjustified failure either to provide the foregoing documents and information by October 15, 2010 or to explain

---

[1](...continued)
have no way of locating him, and his action will be dismissed.

A copy of my Order April 22, 2010 Order was mailed to plaintiff at the facility at which he was then incarcerated. It was not returned as undeliverable.

3

why production of the documents and information is inappropriate may result in the imposition of sanctions <u>which may include the dismissal of plaintiff's complaint</u>" (emphasis added). My September 24, 2010 Order was mailed to plaintiff at both the Queens halfway house and Sing Sing Correctional Facility -- the DOCS facility at which he was last incarcerated.  Although the copy of the Order sent to Sing Sing was returned with the notation "paroled" on the envelope, the copy sent to the halfway house was not returned as undeliverable.

Plaintiff did not comply with my September 24 Order nor did he contact me seeking more time to comply.  A subsequent Order directing defendants to make the present motion (Docket Item 45) was sent to plaintiff at both the Queens halfway house and Sing Sing.  Both were returned as undeliverable.

III.  <u>Analysis</u>

Fed.R.Civ.P. 41(b) provides that

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or for failure to join a party under Rule 19 -- operates as an adjudication on the merits.

4

The criteria applicable to adjudicate a motion for dismissal under Rule 41(b) were summarized by your Honor in <u>Nolan v. Primagency, Inc.</u>, 07 Civ. 134 (RJS), 2008 WL 1758644 at *2-*3 (S.D.N.Y. Apr. 16, 2008), <u>aff'd</u>, 344 F. App'x 693 (2d Cir. 2009):

> Rule 41(b) expressly authorizes involuntarily dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed.R.Civ.P. 41(b); <u>see also</u> <u>LeSane v. Hall's Sec. Analyst, Inc.</u>, 239 F.3d 206, 209 (2d Cir. 2001). The "primary rationale" for dismissal pursuant to Rule 41(b) is "the failure of plaintiff in his duty to process his case diligently." <u>Lyell Theatre Corp. v. Loews Corp.</u>, 682 F.2d 37, 43 (2d Cir. 1982). Dismissal pursuant to Rule 41(b) is committed to the discretion of the district court, and may be imposed <u>sua sponte</u>. See <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 633 (1962); <u>LeSane</u>, 239 F.3d at 209. . . .
>
> Dismissal is an extreme and "harsh" remedy only to be imposed in the most "extreme" situations, and the Court must consider the entire record in deciding whether dismissal is appropriate. See <u>Lucas v. Miles</u>, 84 F.3d 532, 535 (2d Cir. 1996); <u>Minnette v. Time Warner</u>, 997 F.2d 1023, 1027 (2d Cir. 1993). However, in appropriate cases, dismissal must be available, "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." <u>Nat'l Hockey League v. Metro. Hockey Club, Inc.</u>, 427 U.S. 639, 643 (1976). While dismissal based on the actions of a party's attorney may have serious consequences for the represented party, the Supreme Court has recognized that "[t]here is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." <u>Link</u>, 370 U.S. at 633.
>
> The Second Circuit has instructed that a district court weighing dismissal of a case pursuant to Rule

5

>  41(b) should employ a balancing test, considering the following factors:
>
>> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiffs interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.
>
> Lucas, 84 F.3d at 535 (2d Cir. 1996); see also United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004).  Generally, no one factor is dispositive.  Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999) (citing Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

Plaintiff has clearly and inexplicably failed to comply with three of my Orders:  (1) my April 22, 2010 Order (Docket Item 31), directing him to provide me with a forwarding address after his release from DOCS custody; (2) my August 20, 2010 Order (Docket Item 43), directing him to appear for the September 23, 2010 conference, and (3) my September 24, 2010 Order (Docket Item 44), directing plaintiff to either produce certain documents by October 15, 2010 or to show cause in writing by that date explaining why the documents should not be produced.  Under the criteria set forth by the Court of Appeals in Lucas v. Miles, 84

F.3d 532, 535 (2d Cir. 1996), these repeated and unexplained[2] violations are more than sufficient to justify the dismissal of plaintiff's action.

Plaintiff's failure to comply with my Orders commenced in July 2010 when he failed to provide a forwarding address and continues up to the present -- a period in excess of seven months.  As a result of plaintiff's inaction, the case has literally ground to a halt.  The duration of plaintiff's non-compliance is sufficient to justify dismissal of the action. Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42-43 (2d Cir. 1982) (dismissal may be warranted "after merely a matter of months"); Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666-68 (2d Cir. 1980) (affirming dismissal pursuant to Rule 41(b) based on six months of inactivity).

Plaintiff also had express warning of the consequences of his non-compliance.  He was warned of the possibility of dismissal in my April 22, 2010 Order (Docket Item 31), my September 24, 2010 Order (Docket Item 44) and in the instant motion. Despite these three warnings, plaintiff's noncompliance persists.

Third, defendants are clearly prejudiced by plaintiff's conduct.  Not only are defendants being deprived of relevant

---

[2] As noted above, plaintiff has not responded to the pending motion.

7

discovery (see Order dated September 24, 2010 (Docket Item 44)), plaintiff's failure to provide contact information effectively thwarts defendants' ability to litigate the case. Neither a plaintiff nor a defendant should be able to unilaterally halt the progress of a case through the simple expedient of failing to participate.

Fourth, the balance of interests in moving the court's case load and plaintiff's right to be heard warrants dismissal. Based on plaintiff's total silence and lack of participation, the clear inference is that plaintiff lost all interest in this case when he was released from custody. He has repeatedly been given the opportunity to be heard and repeatedly elected not to participate.

Finally, there is no lesser sanction that would be effective. Plaintiff, who was formerly incarcerated, commenced this action in forma pauperis, and, in all probability, has no assets. Thus, a monetary sanction would be pointless. Because plaintiff is not prosecuting the action, any sanction in the nature of an order of preclusion would also be pointless.

In summary, plaintiff's conduct since July 2010 clearly demonstrates that he has lost all interest in the case and has abandoned it. The action should, therefore, be dismissed with prejudice.

IV. Conclusion

Accordingly, for all the foregoing reasons, I respectfully recommend that this action be dismissed with prejudice pursuant to Fed.R.Civ.P. 41(b).

V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections. See also Fed. R. Civ. P. 6(a). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Richard J. Sullivan, United States District Judge, 500 Pearl Street, Room 640, and to the Chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Sullivan. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair

Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-238 (2d Cir. 1983).

Dated:  New York, New York
        March 10, 2011

> Respectfully submitted,
>
> _____
> HENRY PITMAN
> United States Magistrate Judge

Copies mailed to:

Mr. Isaac Frost[3]
Faith Mission Crisis Center
114-40 Van Wyck Expressway
South Ozone Park, New York  11420

Mr. Isaac Frost
DIN 09-A-2680
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York  10562

Max McCann, Esq.
Assistant Corporation Counsel
City of New York
100 Church Street
New York, New York  10007

---

[3] I appreciate that plaintiff is no longer located at either of the addresses to which this Report and Recommendation is being mailed. These are, however, the only addresses I have for plaintiff, and the only addresses he has provided to the Court.

10